**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARY LUZ ECHEVERRY HERRERA,**

**Petitioner,**

**v.** **Case No.: 6:26-cv-02203-AGM-NWH**

**FIELD OFFICE DIRECTOR GARRETT J. RIPA, *et al.*;**

**Respondent.**
______________________________/

**ORDER**

THIS CAUSE comes before the Court on Petitioner Mary Luz Echeverry Herrera's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. # 1; the Petition), filed on September 23, 2026.

On review of the Petition, it is an impermissible shotgun pleading, as that term has been defined by the Eleventh Circuit Court of Appeals. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Specifically, the Petition commits what the Eleventh Circuit has referred to as the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323. Consequently, the Petition "fails . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* Because the Petition is a shotgun pleading, it must be dismissed with a demand for repleader. Without an underlying Petition pending, the Emergency Motion for Temporary Restraining Order (Doc. # 2) must be denied.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. The Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. # 1) is **DISMISSED** without prejudice, with a demand for repleader. Ms. Herrera is granted leave to amend no later than October 1, 2026;

2. The Emergency Motion for Temporary Restraining Order (Doc. # 2) is **DENIED** without prejudice;

3. Under Middle District of Florida Local Rule 6.01(c), because this Order constitutes an order resolving the Emergency Motion for Temporary Restraining Order, Ms. Herrera must now serve on every respondent she sought to restrain each of the items in Local Rule 6.01(c); and

4. Prior to re-filing the Petition, counsel is directed to carefully review the forthcoming standing orders as well as Middle District of Florida's Local Rules, including but not limited to Local Rules 1.08, 3.01, and 6.01. Failure to comply with procedural rules or any order is a basis on which a request for relief may be denied.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 24th day of September, 2026.

**ANNE-LEIGH GAYLORD MOE**
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record